## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

TERRENCE JACKSON                                                                           PLAINTIFF

v.                                              No. 3:07CV00104 JLH

HINO MOTORS MANUFACTURING USA, INC.                                   DEFENDANT

### OPINION AND ORDER

Terrence Jackson brought this action pursuant to 42 U.S.C. § 2000(e) alleging that he was denied a pay raise and given a poor evaluation notwithstanding satisfactory work performance because of his race. Hino Motors has filed a motion to dismiss or, in the alternative, to stay and to compel arbitration.

Jackson began working for Hino Motors as a maintenance team leader on or about September 8, 2005. When he began employment, he executed an agreement to arbitrate, a copy of which is attached to this opinion. Hino Motors argues that all of Jackson's claims are subject to this mandatory agreement to arbitrate pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* Jackson raises several arguments as to why the arbitration agreement should not be enforced. The Court has concluded that one of those arguments – that the arbitration agreement lacks mutuality of obligation – has merit. The Court will deny the motion to dismiss or to stay and compel arbitration because the arbitration agreement lacks mutuality of obligation without reaching the other issues raised by Jackson.

Whether parties validly entered into an arbitration agreement and whether that agreement is enforceable are matters of state contract law. *U.S. v. Gov't Technical Servs., LLC*, No. 5:06CV00270, 2007 WL 1411616, at *2 (E.D. Ark. May 9, 2007) (citing *Faber v. Menard*, 367 F.3d

1048, 1052 (8th Cir. 2004)). Where Arkansas is the forum state and the contract was entered into in Arkansas, Arkansas law applies to determine whether an arbitration agreement is valid. *Casteel v. Clear Channel Broad., Inc.*, 254 F. Supp. 2d 1081, 1088 (W.D. Ark. 2003).

The Supreme Court of Arkansas has held that an arbitration clause that does not impose mutual obligations to arbitrate is invalid and unenforceable. *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 121, 27 S.W.3d 361, 367 (2000). Not only must there be mutual obligations in the agreement as a whole, but "mutuality within the arbitration agreement itself is required." *The Money Place, LLC v. Barnes*, 349 Ark. 411, 414, 78 S.W.3d 714, 717 (2002); *see also Asbury Auto. Used Car Center, L.L.C. v. Brosh*, 364 Ark. 386, 391, 220 S.W.3d 637, 640-41 (2005). Arkansas law on mutuality "requires that the terms of the agreement must fix a real liability upon both parties." *Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 146, 147 S.W.3d 681, 687 (2004).

Nothing in the agreement to arbitrate obligates Hino Motors to arbitrate anything. In the first paragraph, the agreement says, "I, [sic] enter into the following agreement in consideration for my employment with Hino Motors Manufacturing U.S.A., Inc." The second paragraph says, "I understand and agree that if a dispute arises between . . . me and Hino Motors . . . relating to my employment . . . such dispute shall be settled by binding arbitration." The fourth, fifth, and sixth paragraphs also begin, "I understand and agree . . . ." In each instance, the pronoun *I* refers to Jackson. Only the third paragraph is different, and it says that the company will pay the costs of arbitration but that "the parties shall each bear their [sic] own legal fees associated with the arbitration." Nevertheless, nowhere in the document does Hino Motors agree to submit anything to arbitration. Nowhere does the document say, "we agree," "the parties agree," "Hino Motors agrees," or anything of similar import. The only person who has agreed to submit anything to arbitration is

2

Jackson.  This is a classic example of lack of mutuality of obligation because only one party has made a promise to arbitrate.  The other party has not promised anything and has not agreed to anything.

Therefore, the motion to dismiss or, in the alternative, to stay and compel arbitration is DENIED.  Document #4.

IT IS SO ORDERED this 25th day of September, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

3

# AGREEMENT TO ARBITRATE

1.        I, enter into the following agreement in consideration for my employment with Hino Motors Manufacturing U.S.A., Inc.

2.        I understand and agree that if a dispute arises between:

   a.        me and Hino Motors Manufacturing U.S.A., Inc. (or any of its parents, subsidiaries, officers, directors, managers or employees) ("the Company") relating to my employment with the Company (including but not limited to: (1) claims of discrimination under federal, state or local laws, (2) claims regarding compensation, including overtime; (3) claims regarding promotion, demotion, disciplinary action, and/or termination; and (4) claims regarding the application or interpretation of any of the terms of this agreement), or

   b.        me and another employee of the Company relating to such employee's employment, (including but not limited to: (1) claims of discrimination under federal, state or local laws, (2) claims regarding compensation, including overtime; (3) claims regarding promotion, demotion, disciplinary action, and/or termination; and (4) claims regarding the application or interpretation of any of the terms of this agreement)

such dispute shall be settled by binding arbitration.

3.        The Company will pay the administrative costs associated with such arbitration including the cost of the arbitrator, but that the parties shall each bear their own legal fees associated with the arbitration.

4.        I understand and agree that the arbitration will take place in Los Angeles, California and that the National Employment Dispute Resolution Rules of the American Arbitration Association will apply unless different rules are specifically set forth in this agreement.  I understand and agree that the employment dispute resolution rules of the AAA provide for <u>one</u> neutral arbitrator, permit adequate discovery,

1

empower the arbitrator to award all remedies otherwise available in a court of competent jurisdiction and require the arbitrator to enter a written decision that may be judicially reviewed.  I understand and agree that any court of competent jurisdiction may enforce the arbitrator's award.

5.      I understand and agree that this agreement is the sole and entire agreement between the Company and me on the subject of arbitration of disputes and supersedes any prior or contemporaneous written or oral agreements and/or understandings on this subject.

6.      I understand and agree that this is not an employment contract and that nothing in this agreement changes the at-will nature of my relationship with the Company.


Date: _09 - 08 - 05_____      _Terrence Jackson_____
                                                      Employee Signature:

                                                      _Terrence L. Jackson_____
                                                      Print Employee Name



                                                      Hino Motors Manufacturing U.S.A., Inc.



Date: _____      _____
                                                      By: Hideo Mukai, President